UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| SCOTT THOMPSON,<br><br>　　　　　Movant,<br><br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | 5:16-CV-05035-JLV<br><br>ORDER ON MOTION |

**INTRODUCTION**

This matter is before the court on movant Scott Thompson's *pro se* motion to amend, set aside, or vacate his sentence pursuant to 28 U.S.C. § 2255.  Mr. Thompson has now filed an amended motion, a 231-page memorandum in support, and 2,606 pages of exhibits to his memorandum. See Docket Nos. 36-53.  The government moves to quash Mr. Thompson's memorandum on the grounds it exceeds the allowable page limit.  See Docket No. 54.  Alternatively, the government requests Mr. Thompson bring his memorandum into compliance with Local Rule of Civil Practice 7.1(B)(1).  Id. This matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) & (B) and the October 16, 2014, standing order of the Honorable Jeffrey L. Viken, Chief United States District Court.

**FACTS**

On May 17, 2011, a grand jury indicted Mr. Thompson in the District of South Dakota, Western Division, on multiple counts including False Claims, False Document Submitted to a Department or Agency of the United States, Fraud by Wire, and Receiving Stolen Government Money. See United States v. Scott Thompson, CR 11-50054, Docket No. 1 (D.S.D.). Mr. Thompson entered into a plea agreement and pled guilty to count 2 of the indictment on March 1, 2012 (Doc. 45). Sentencing was scheduled for June 15, 2012 (Doc. 46). On the morning of the scheduled sentencing hearing, Mr. Thompson filed a motion to withdraw his guilty plea. (Doc. 50). After a hearing, the court granted the motion and permitted Mr. Thompson to withdraw his plea (Doc. 56).

The grand jury issued a superseding indictment on September 24, 2013 (Doc. 92). Prior to trial and on motion of the government, the court dismissed count 4 of the superseding indictment.[1] See Doc. 203. A jury trial was held October 20-24 and 27-30, 2014 (Doc. 213). The jury found Mr. Thompson not guilty on counts 1, 4, and 7 and guilty on counts 2, 3, 5, 6, 8, 9 and 10 (Doc. 218). A motion for judgment of acquittal and for new trial was filed on March 30, 2015 (Doc. 255). The motion was denied on May 28, 2015 (Doc. 279). Sentencing occurred on May 28, 2015, and judgment of conviction was entered on May 29, 2015 (Doc. 283). Mr. Thompson was sentenced to 5 years' probation on all counts with the terms running concurrently. An amended

---

[1] Because the court dismissed count 4 of the superseding indictment, each count thereafter was renumbered in the sequence of charged counts.

judgment was filed on August 31, 2015, modifying the previous restitution order (Doc. 295).  Mr. Thompson did not file a direct appeal.

Mr. Thompson filed the pending motion to vacate, set aside or correct sentence on May 27, 2016.  He asserts the following four grounds for relief:

> Subverting the Fact-Finding Process in violation of 18 U.S.C. §§ 1621, 1623 and of rights afforded under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the US Constitution
>
> Ineffective Assistance of Counsel pursuant to Strickland v. Washington, 466 U.S. at 688 (1984) and its progeny and in violation of rights afforded under the 5th and 6th Amendments to the US Constitution
>
> Prosecutorial Misconduct violation of rights under the Fourth, Fifth, and Eighth Amendments of the United States Constitution and in violation of Department of Justice guidelines set forth in the United States Attorneys' Manual §§9-11.015 & 9-11.334
>
> Broadening the Indictment in violation of rights afforded under the Fifth Amendment to the US Constitution for the right to indictment by a grand jury

See Doc. 36, pp. 5-6.

## DISCUSSION

The government moves to quash Mr. Thompson's memorandum in support of his motion on the grounds the memorandum exceeds the allowable page limit.  Alternatively, the government requests Mr. Thompson be ordered to bring his memorandum into compliance with the local rules.  The government refers to Local Rule 7.1(B)(1).

Local Rule of Civil Practice 7.1(B)(1) provides:

> Briefs and any attachments other than documentary evidence attached in accordance with D.S.D. LR 56.1(A) must not exceed 25 pages or 12,000 words unless prior approval has been obtained from the court.  If a brief exceeds 25 pages, it shall be

accompanied by a certificate by the attorney, or an unrepresented party, that the brief complies with the type-volume limitation. The person preparing the certificate may rely on the word count of the word-processing system used to prepare the brief.

LR 7.1(B)(1).

Further, Local Rule 83.8 provides in relevant part:

**LR 83.8 Writs of Habeas Corpus and Motions Pursuant to 28 U.S.C. § 2255**

**A. Filing Requirements.** Petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2254 and 28 U.S.C. § 2241, motions to vacate sentence pursuant to 28 U.S.C. § 2255, and applications to proceed in forma pauperis must be signed and legibly written or typewritten on forms prescribed by the court in accordance with the instructions provided with the forms unless the court finds, in its discretion, that the petition, motion, or application is understandable and that it conforms with federal and local requirements for such actions.  Copies of the relevant forms and instructions will be provided by the clerk of court upon request. The court may strike or dismiss petitions, motions, or applications that do not conform substantively or procedurally with federal and local requirements for such actions.

Mr. Thompson filed his amended motion to vacate on the form provided, as required by DSD LR 83.8.  His supporting memorandum, however, far exceeds the page limit which is imposed on every brief filed in support of a motion pursuant to LR 7.1(B)(1).  That his memorandum exceeds the allowed page limit, however, does not necessitate the quashing of Mr. Thompson's motion.  Good cause appearing, it is hereby

ORDERED:

(1) The government's motion to quash (Doc. 54) is DENIED;

(2) The government's alternative motion to require compliance with the local rules (Doc. 54) is GRANTED.  Mr. Thompson's over-length brief (Doc.

37) will not be considered by the court.  Mr. Thompson shall re-submit a memorandum which complies with L.R. 7.1(B)(1) on or before April 28, 2017.

(3) Upon receipt of Mr. Thompson's memorandum as described in Paragraph (2) above, the United States Attorney for the District of South Dakota will serve and file an answer or responsive pleading to the motion 30 days thereafter.

DATED this 28th day of March, 2017.

BY THE COURT:

_/s/ Veronica L. Duffy_
VERONICA L. DUFFY
United States Magistrate Judge