UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| SCOTT THOMPSON,<br><br>               Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | 5:16-CV-5035-JLV<br><br>MEMORANDUM OPINION AND ORDER RE: ATTORNEY-CLIENT PRIVILEGE WAIVER |

      The Government has requested an Order Directing Former Defense Counsel to Respond to Movant's Claims of Ineffective Assistance set forth in the Movant's Motion under 28 U.S.C. § 2255.

      The Eighth Circuit Court of Appeals has recognized that the attorney-client privilege may be impliedly waived when a client attacks his attorney's competence and raises the issue of ineffectiveness or incompetence of counsel. See Tasby v. United States, 504 F.2d 332 (8th Cir. 1974). ABA Model Rule of Professional Conduct 1.6 also recognizes that a disclosure may be impliedly authorized under certain circumstances including when a lawyer must respond to allegations in any proceeding concerning the lawyer's representation of his or her client.

      The American Bar Association, however, has issued an opinion advising that former counsel confronted with a client making ineffective assistance of counsel claims, consistent with their ethical obligations (1) may not disclose

information imparted to him or her in confidence without first obtaining the informed consent of the former client; and (2) may only disclose such information in "court-supervised testimony." ABA Comm. on Eth. and Prof'l Responsibility, Formal Op. 10-456 (July 14, 2010).

In consideration of the allegations set forth in Movant's Motion under 28 U.S.C. § 2255 this Court has determined that the Government cannot respond to the allegations of ineffective assistance of counsel without attorney Brett Poppen responding by affidavit to the specific allegations in the Motion concerning his representation of Movant. If Movant opposes the waiver of the Attorney-Client privilege as it relates to the specific allegations in his Motion under 28 U.S.C. § 2255, those allegations will be stricken from Movant's Motion under 28 U.S.C. § 2255. Accordingly,

IT IS ORDERED:

1. The Respondent's Motion (Doc. 69) directing former defense counsel to respond is granted as follows:

    A. That counsel for the government shall hand-deliver or email the attached waiver form to Mr. Thompson for his immediate consideration.

    B. That if the Attorney-Client Privilege Waiver form is not signed and returned to the Clerk for filing within 14 days, the allegations of ineffective assistance of counsel will be stricken from Movant's Motion under 28 U.S.C. § 2255;

    C. That if the Attorney-Client Privilege Waiver form is signed and filed, the Government shall forward a copy of the signed Attorney-Client Privilege Waiver form to Attorney Brett Poppen, along with a copy of this Order and Movant's § 2255 Motion. Attorney Brett Poppen shall within 14 days of receiving the Attorney-Client Privilege Waiver form provide and file with the Clerk an affidavit responding to the specific

allegations in the § 2255 Motion concerning his representation of Movant.

D. The Government shall promptly thereafter serve a copy of Mr. Poppen's affidavit upon Movant.

Dated this 25th day of September, 2017.

BY THE COURT:

*[signature: Veronica L. Duffy]*
VERONICA L. DUFFY
United States Magistrate Judge